IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CAREY HALL, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO.: 1:23-CV-93 (LAG) |
| | : | |
| FRANKLIN'S SPRING CREEK FORD, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Before the Court are Defendant's Motion to Dismiss (Doc. 5) and Plaintiffs' second Motion to Amend Original Complaint (Doc. 22). For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiffs' second Motion to Amend Original Complaint is **DENIED**.

**FACTUAL BACKGROUND**

This suit generally alleges a violation of the Clean Air Act arising from Defendant's sale of a 2017 Dodge Ram diesel truck to Plaintiffs. (Doc. 1-1 at 2).[1] Plaintiffs allege that two months after purchasing the truck in question from Defendant, "the vehicle demonstrated drivability issues" during a trip to California. (*Id.*). On August 5, 2021, Plaintiffs "submitted the vehicle to Auto Nation Chrysler Dodge [in] Columbus, Georgia for diagnostics testing in order to determine the root problem causing drivability issues." (*Id.*). The results of the diagnostics test determined that the problems "were related to a deleted emissions system." (*Id.*). Plaintiffs were given an estimate of over $17,000.00 to repair the vehicle and bring it "in compliance with the" Clean Air Act. (*Id.*). Plaintiffs assert

---

[1] On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all facts alleged in Plaintiffs' Complaint (Doc. 1-1) as true. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted).

that Defendant violated federal law by "knowingly sell[ing] or install[ing] any component on a motor vehicle that has the principal effect of deleting or rendering inoperative the emission system" and that Defendant "knew or should have known" that the truck in question "had a deleted emission[s] system." (*Id.*). Plaintiffs further allege that Defendant "knowingly sold the Plaintiffs a diesel truck with a deleted emiss[ions] system," and violated the Stratospheric Ozone Protection Clause of the Clean Air Act. (*Id.* at 3–4). Finally, Plaintiffs claim that Defendant's conduct "constitutes negligence" and that Defendant "committed fraud" in connection with the transaction at issue. (*Id.* at 4). Plaintiffs seek $3.5 million in compensatory damages, $3.5 million for "emotional stress/pain and suffering," and $5 million for punitive damages. (*Id.* at 7–8).

## PROCEDURAL BACKGROUND

On June 21, 2023, Plaintiffs filed the initial Complaint. (Doc. 1). On August 3, 2023, Defendant filed a Motion to Dismiss and a Motion to Stay Discovery. (Docs. 5, 6). After receiving two extensions from the Clerk's Office and the Court, Plaintiffs filed a Response to the Motion to Dismiss and the Motion to Stay Discovery on September 28, 2023. (Docs. 8–10, 12, 13; *see* Docket). The Court granted the Motion to Stay on January 17, 2024, and stayed discovery pending the resolution of Defendant's Motion to Dismiss. (Doc. 18). Defendant did not file a Reply to the Motion to Dismiss. (*See* Docket). On September 26, 2023, Plaintiffs filed the first Motion to Amend Original Complaint. (Doc. 11). On January 23, 2024, the Court denied Plaintiffs' first Motion to Amend Original Complaint. (Doc. 19). The Order denying the Motion explained that "it [was] unclear which claims Plaintiffs intend to pursue or abandon and the Court [was] unable to conduct a futility analysis." (*Id.* at 3). Plaintiffs were given leave to file a second Motion to Amend Complaint and instructed "clearly to identify what claims they seek to delete or add." (*Id.*). They were "further instructed to attach a proposed amended complaint for the Court's consideration." (*Id.*). After receiving an extension, Plaintiffs filed a second Motion to Amend Original Complaint on February 27, 2024. (Doc. 22). Defendant filed a Response on March 19, 2024 (Doc. 23), and Plaintiffs did not file a Reply (*see* Docket). The Motions are now ripe for review. *See* M.D. Ga. L.R. 7.2.

**DISCUSSION**

I.   **Motion to Dismiss**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face if the complaint alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A complaint must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556. The Court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs," but the same liberal reading does not apply to legal conclusions. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (citations omitted). "[A] plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678–79. Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted) (internal quotation marks omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that *pro se* complaints "can only be dismissed" under Rule 12(b)(6) "if it appears beyond doubt that the plaintiff can prove no set of facts" that would "entitle him to relief" (citation and internal quotation marks omitted)). This leniency does not, however, permit courts to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted). Furthermore, the Court generally may not consider factual allegations outside of the complaint, such as the parties' briefing and arguments.

A.   **Federal Claims**

Defendant argues that Plaintiffs "fail[] to state a plausible claim against Defendant

under the Clean Air Act for at least two reasons." (Doc. 5-1 at 4). First, Defendant argues that Plaintiffs must "allege a repeated violation of the Clean Air Act [in order] to sustain a private cause of action." (*Id.* (emphasis omitted)). Second, Defendant argues that the Complaint "lacks factual allegations showing that [D]efendant engaged in conduct which violated the Clean Air Act." (*Id.* at 5). Plaintiffs argue that they "assert . . . that Defendants were in [violation] of the Stratospheric Ozone Protection Clause of the Clean Air Act . . . [and] 42 USC 7604(a)." (Doc. 12-1 at 2). Plaintiffs further argue that "Defendant committed repeated violations of the Clean Air Act by . . . refus[ing] and[/]or fail[ing] to conduct diagnostic testing on the vehicle's engine. Plaintiff[s]' assert the sale of the vehicle in question[] violated the Stratospheric Ozone Clause of the Clean Air Act." (*Id.* at 4).

"To ensure compliance with EPA and state regulations, Congress authorized 'citizen suits' under three circumstances in § 7604(a) of the Clean Air Act." *Lecroy v. Wilbros, LLC*, No. 2:13-CV-00174-RWS, 2014 WL 221211, at *3 (N.D. Ga. Jan. 21, 2014). 42 U.S.C. § 7604(a), in relevant part, provides that:

> any person may commence a civil action on his own behalf—
> (1) against any person . . . who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of (A) an emission standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation[.]

Relevant to this action, the statute authorizes citizen suits under the Clean Air Act for past "violations, so long as there is evidence that the violations were repeated." *Adair v. Troy State Univ. of Montgomery*, 892 F. Supp. 1401, 1409 (M.D. Ala. 1995); *see also Nucor Steel-Arkansas v. Big River Steel, LLC*, 825 F.3d 444, 450 n.3 (8th Cir. 2016) (explaining that "the requirement of a repeated or ongoing violation flows directly from the text of § 7604(a)(1)"). 42 U.S.C. § 7522(a) sets forth acts prohibited under the Clean Air Act. Specifically, the Act makes it unlawful

> (3)(A) for any person to remove or render inoperative any device or element of design installed on or in a motor vehicle or motor vehicle engine in compliance with regulations under this subchapter prior to its sale and delivery to the ultimate

4

>
> purchaser, or for any person knowingly to remove or render inoperative any such device or element of design after such sale and delivery to the ultimate purchaser; or
>
> (B) for any person to manufacture or sell, or offer to sell, or install, any part or component intended for use with, or as part of, any motor vehicle or motor vehicle engine, where a principal effect of the part or component is to bypass, defeat, or render inoperative any device or element of design installed on or in a motor vehicle engine in compliance with regulations under this subchapter, and where the person knows or should know that such part or component is being offered for sale or installed for such use or put to such use[.]

§ 7522(a)(3)(A)–(B).

In the Complaint, Plaintiffs allege that Defendant "knew or should have known that the 2017 Dodge Ram diesel truck that was sold to the Plaintiffs[] had a deleted emission system" and that Defendant "knowingly sold the Plaintiffs a diesel truck with a deleted [emissions] system." (Doc. 1-1 at 2–3). Plaintiffs also allege that Defendant "violated the Stratospheric Ozone Protection Clause . . . of the Clean Air Act" and that Defendant knew or "should have known" that "a [component] (i.e.) 'defeat [device]' intended for use with or as part of any motor vehicle engine, where a principal effect of the part or [component] is to bypass, delete, render inoperative any device or element of design on or in a motor vehicle component with regulations under Title II of the Clean Air Act" was "offered for care or installed for such use or put to such use" in the truck at issue in violation of 42 U.S.C. § 7522(a)(3)(B). (*Id.* at 4–5). Plaintiffs explain that they "are not necessarily implying [that] the [Defendant] actually performed the tampering of the emissions [components] themselves[;]" rather they are alleging that "after the [Defendants] performed the post-sale diagnostic testing on the 2017 Dodge Ram diesel truck and realized the emissions system had been deleted[,]" they "decided not to take on the expenditure of correcting the problem" and "wanted to unload the vehicle on an [unsuspecting] buyer." (*Id.* at 5).

Whether Plaintiffs have alleged that Defendants committed an actual violation of

the Clean Air Act is questionable, but they certainly do not allege that Defendants committed repeated violations. Plaintiffs allege that Defendant "knew or should have known that the . . . truck that was sold to the Plaintiffs, had a deleted emission system[;]" but Plaintiffs explicitly do not allege that Defendant "remove[d] or render[ed] inoperative any device or element of design installed on or in a motor vehicle or motor vehicle engine in compliance with regulations under [the Clean Air Act] prior to its sale and delivery to the ultimate purchase" or "knowingly remov[ed] or render[ed] inoperative any such device or element of design after sale and delivery to the ultimate purchaser" in violation of 42 U.S.C. § 7522(a)(3)(A). (*See* Doc. 1-1). Moreover, a failure to test emissions systems is not a violation of the Clean Air Act subject to citizen suit. *See* 42 U.S.C § 7522(a)(3)(A)–(B).

As to whether Plaintiffs have alleged repeated violations of the Clean Air Act, an allegation that Defendant "refused and[/]or failed to conduct diagnostic testing on the vehicle's engine[,]" does not constitute a repeated violation of the Clean Air Act. (*See* Doc. 12-1 at 4). "The plain language of [42 U.S.C. § 7604(a)(1)] . . . demands that any past violation animating a suit under (a)(1) must be repeated or ongoing—a one-time violation will not suffice." *Nucor Steel-Arkansas*, 825 F.3d at 450 (citation omitted). As noted by the Fifth Circuit in *Environmental Texas Citizen Lobby, Inc. v. ExxonMobil Corp.*, in order to meet the repeated violations requirement, Plaintiffs would need to allege repeated violations in the past or that violations occurred at least once before Plaintiffs filed suit and at least once after. 824 F.3d 507, 519 (5th Cir. 2016). Plaintiffs make no such allegations and have failed to state a claim upon which relief can be granted.

  **B.**  **State Law Claims**

Plaintiffs also appear to raise state law claims for negligence, fraud, emotional stress/pain and suffering, and punitive damages (Doc. 1-1 at 4, 8). With regard to these claims, the Court declines to exercise its supplemental jurisdiction. Once a plaintiff's federal claims are dismissed, "there remains no independent original federal jurisdiction to support the Court's exercise of supplemental jurisdiction over the state claims against Defendant." *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir.

1997). Pursuant to 28 U.S.C. § 1367(c)(3), the Court "may decline to exercise supplemental jurisdiction over" claims if it "has dismissed all claims over which it has original jurisdiction." "The decision to exercise supplemental jurisdiction over pendant [sic] state claims rests within the discretion of the district court." *Raney v. Allstate Ins.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004) (per curiam) (citation omitted). "Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." *Baggett*, 117 F.3d at 1353 (citations omitted). The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney*, 370 F.3d at 1089 (citation omitted).

Plaintiffs' state law claims are dismissed to allow Plaintiffs to pursue their claims in a more appropriate forum. The state court is best equipped to research and rule on matters of state law, and comity would suggest that it should be allowed to do so. Additionally, § 1367(d) gives "the plaintiff at least 30 days to re-file in state court after a federal court declines to exercise supplemental jurisdiction," thereby removing "the principal reason for retaining a case in federal court when the federal claim belatedly disappears." *Personalized Media Commc'ns, LLC v. Sci.-Atlanta, Inc.*, 493 F. App'x 78, 82 n.1 (Fed. Cir. 2012) (citation omitted); *see also* 28 U.S.C. § 1367(a), (d) (providing that state law claims asserted in federal court along with "related" federal claims "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed"). "While it may be convenient for the Parties to continue litigating this case in this Court, neither judicial economy nor fairness to other litigants supports retaining jurisdiction over Plaintiff's state law claims while delaying justice in other cases where the Court retains original jurisdiction." *Harris v. City of Albany*, No.1:15-CV-034 (LJA), 2016 WL 5477098, at *4 (M.D. Ga. Sep. 27, 2016).

## II.   Second Motion to Amend

Under Rule 15, a plaintiff seeking to amend its complaint after the time for amendment as a matter of course has passed must obtain either "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). If there is no "specific,

7

significant reason for denial . . . such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment," leave to amend pleadings "should, as the rules require, be freely given." *Spanish Broad. Sys. of Fla., Inc., v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Given Rule 15's liberal amendment standard, "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021) (citation omitted). District courts are instructed to give *pro se* plaintiffs an opportunity to amend the complaint when it appears the complaint might state a claim if it is more carefully drafted. *See Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010) (per curiam) (citations omitted); *see also Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004) ("[I]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend should be freely given." (internal quotation marks omitted) (first quoting *Foman*, 371 U.S. at 182; and then quoting Fed. R. Civ. P. 15(a)). "Dismissal . . . is proper, however, . . . if a more carefully drafted complaint could not state a valid claim." *Jemison*, 380 F. App'x at 907.

In the Order denying Plaintiffs' first Motion to Amend Original Complaint, the Court "instructed [Plaintiffs] clearly to identify what claims they seek to delete or add. Plaintiffs [were] further instructed to attach a proposed amended complaint for the Court's consideration." (Doc. 19 at 3). Plaintiffs were advised that "[f]ailure to fully and timely comply with these instructions may result in the dismissal of the Complaint." (*Id.*). In the second Motion to Amend Original Complaint, Plaintiffs explain that they "desire to add in their Motion to Amend the claim that Defendant allegedly violated 42 USC [§] 7604(A) of the Clean Air Act by [committing] violations involving emission standards of the Clean Air Act." (Doc. 22 ¶ 2). Plaintiffs attached a second Proposed Amended Complaint. (*See* Doc. 22-1). A review of the initial Complaint (Doc. 1-1) and the second Proposed Amended Complaint (Doc. 22-1) reveal the following changes: (1) the removal of Plaintiffs'

allegations that Defendant "knew the Plaintiffs did not live within the thirteen (13) metropolitan Atlanta counties where emissions testing is required on all vehicles with the exception of those [vehicles] on the exempt list" (*see* Doc. 1-1 at 3, 6; Doc. 22-1 at 3, 6); and (2) the alteration of the "Demand for Relief" section, seeking $3.5 million for emotional "distress" instead of emotional "stress" (*see* Doc. 1-1 at 8; Doc. 22-1 at 8).

Plaintiffs add no new allegations to address the deficiencies set forth above. Thus, the second Proposed Amended Complaint fails to state a claim, and it would be futile to grant Plaintiffs leave to file the second Proposed Amended Complaint. Accordingly, Plaintiffs' second Motion to Amend Original Complaint (Doc. 22) is **DENIED**.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss (Doc. 5) is **GRANTED**. Plaintiff's Complaint is hereby **DISMISSED without prejudice**. Plaintiff's second Motion to Amend Original Complaint (Doc. 22) is **DENIED**.

**SO ORDERED**, this 16th day of August, 2024.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**